**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 14 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUKHVINDER SINGH; et al.,

          Petitioners,

  v.

PAMELA BONDI, Attorney General,

          Respondent.

No. 24-3801

Agency Nos.
A246-604-263
A246-604-264
A246-604-265

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2025[**]

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Sukhvinder Singh and his family, natives and citizens of India, petition pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying their application for asylum and denying Singh's applications for withholding of removal and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on (1) internal inconsistencies in Singh's testimony; (2) inconsistencies between Singh's testimony, his answers on his asylum application, and his written declaration; (3) inconsistencies between Singh's testimony and other documentary evidence, including the declarations of Singh's father, wife, and neighbor; and (4) the IJ's observations regarding Singh's demeanor at the hearing. *See Barseghyan v. Garland*, 39 F.4th 1138, 1142-43 (9th Cir. 2022) (IJ may "consider factors such as demeanor, candor, responsiveness, plausibility, inconsistencies, inaccuracies, and falsehoods to form the basis of an adverse credibility determination"); *Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Petitioners' explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Substantial evidence also supports the agency's finding that Singh's documentary evidence did not independently establish eligibility for relief. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (absent

credible testimony, petitioner failed to establish eligibility for relief). Singh's claims, therefore, fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *see also Shrestha*, 590 F.3d at 1048-49 (denial of CAT claim that rested on evidence found not credible upheld, where petitioner did not point to any other evidence in the record that compelled the conclusion he was more likely than not to be tortured).

**PETITION FOR REVIEW DENIED.**

24-3801